**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAIRO ALBERTO MEJIA VEGA, *Plaintiff-Appellant,* v. UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, Department of Homeland Security; LAURA ZUCHOWSKI, Acting Director, Vermont Service Center, United States Citizenship and Immigration Services; ALEJANDRO MAYORKAS, Secretary, Department of Homeland Security; MERRICK GARLAND, Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, Department of Justice, *Defendants-Appellees.* | No. 16-56795 D.C. No. 2:15-cv-07765-ODW-SS OPINION |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted February 6, 2023
San Francisco, California

Filed April 14, 2023

Before:  Paul J. Watford, Michelle T. Friedland, and Mark J. Bennett, Circuit Judges.

Opinion by Judge Watford

# SUMMARY[*]

## Immigration

The panel affirmed the district court's dismissal, for lack of subject matter jurisdiction, of an action brought by Jairo Alberto Mejia Vega, a native and citizen of Colombia, seeking to compel the United States Citizenship and Immigration Services (USCIS) to reconsider its denial of his request for a waiver of inadmissibility in conjunction with his petition for a U-visa.

Mejia Vega entered the United States in 1981 and became a lawful permanent resident in 1990. He has been married to his U.S. citizen wife, with whom he has two U.S. citizen children, since 1993. After being convicted of possession of a controlled substance for sale under California law, he was ordered removed *in absentia* and deported in 1999. He reentered the United States without authorization shortly thereafter to help care for his two young children and his wife, who had been diagnosed with multiple sclerosis and was experiencing medical complications. In 2008, during a school festival, Mejia Vega

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

tackled an active shooter, knocked his gun away and helped restrain the shooter till law enforcement arrived.

In 2010, the Department of Homeland Security apprehended Mejia Vega and reinstated his 1996 removal order. To avoid removal, Mejia Vega applied for a U-visa and a waiver of inadmissibility, in part under 8 U.S.C. § 1182(d)(3)(A)(ii), which provides that an otherwise inadmissible noncitizen "may be admitted into the United States temporarily as a nonimmigrant in the discretion of the Attorney General." USCIS denied Mejia Vega's request for a waiver of inadmissibility as a matter of discretion and subsequently denied his U-visa application on account of his inadmissibility.

The panel held that § 1252(a)(2)(B)(ii), which bars judicial review of discretionary determinations involving the agency's exercise of "pure" or "unfettered discretion," precludes judicial review of USCIS's denial of a waiver of inadmissibility under § 1182(d)(3)(A)(ii) because the latter statute commits the decision to the agency's sole discretion. The plain terms of section 1182(d)(3)(A)(ii) invoke the agency's discretion and the statute does not contain language that qualifies the agency's exercise of discretion—the statute lacks governing standards or statutory guidelines restricting decision-making. Thus, the statute contains no meaningful standard that would suggest the agency was not exercising its "pure" or "unfettered" discretion.

The panel found unavailing Mejia Vega's argument that *Matter of Hranka*, 16 I. & N. Dec. 491 (BIA 1978), establishes a legal standard for review of waiver of inadmissibility determinations under § 1182(d)(3)(A)(ii), and that USCIS failed to properly apply *Matter of Hranka*'s

standards in adjudicating his waiver request. The panel stated that this court's precedents require that the legal standard appear expressly in the statute at issue for a decision to be reviewable. Because § 1182(d)(3)(A)(ii) itself does not specify a governing standard for the waiver determination, *Matter of Hranka* could not be read to supply one.

The panel rejected Mejia Vega's contention that the district court had jurisdiction to hear his claim because § 1182(d)(3)(A)(ii) does not explicitly state that waiver of inadmissibility determinations are unreviewable. The panel noted that courts have routinely found discretionary decisions to be unreviewable despite the fact that the underlying statute did not state as much.

The panel concluded that by all accounts, Mejia Vega demonstrated remarkable courage by intervening to stop an active shooter, and his efforts to care for his wife were equally worthy of praise. But however compelling his objections to USCIS's denial of a waiver of inadmissibility may be, judicial review of that decision was barred by 8 U.S.C. § 1252(a)(2)(B)(ii).

---

## COUNSEL

Stacy Tolchin (argued) and Megan A. Brewer, Law Offices of Stacy Tolchin, Pasadena, California, for Plaintiff-Appellant.

Jonathan A. Robbins (argued), Trial Attorney, Commercial Litigation Branch, Civil Division; Joseph D. Hardy, Trial Attorney; Jane T. Schaffner, Senior Litigation Counsel;

Papu Sandhu, Assistant Director; Brian Boynton, Acting Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Defendants-Appellees.

## OPINION

WATFORD, Circuit Judge:

Jairo Alberto Mejia Vega, a native and citizen of Colombia, seeks to compel the United States Citizenship and Immigration Services (USCIS) to reconsider its denial of his request for a waiver of inadmissibility in conjunction with his petition for a U-visa. The district court held that 8 U.S.C. § 1252(a)(2)(B)(ii) deprived it of subject matter jurisdiction over Mejia Vega's challenge to the agency's discretionary denial of a waiver. We agree with this conclusion and accordingly affirm.

Mejia Vega entered the United States in 1981 and became a lawful permanent resident in 1990. He has been married to his U.S. citizen wife, with whom he has two U.S. citizen children, since 1993. After being convicted of possession of a controlled substance for sale under California law, he was ordered removed *in absentia* and deported in 1999. He reentered the United States without authorization shortly thereafter to help care for his two young children and his wife, who had been diagnosed with multiple sclerosis and was experiencing medical complications from the recent birth of their son.

In May 2008, Mejia Vega volunteered at a school festival in Granada Hills, California. A shooter began firing at attendees of the festival, and Mejia Vega tackled him and

Case: 16-56795, 04/14/2023, ID: 12695556, DktEntry: 90-1, Page 6 of 10

6       Mejia Vega v. USCIS

knocked his gun away. He also helped other good samaritans restrain the shooter and detain him until law enforcement officers arrived. Following the shooting, Mejia Vega cooperated with law enforcement and provided investigators with information about the crime, which led to the ultimate conviction of the shooter on counts of attempted murder, assault with a firearm, and felon in possession of a firearm.

In December 2010, the Department of Homeland Security apprehended Mejia Vega and reinstated his 1996 removal order. To avoid removal, Mejia Vega applied for a U-visa. To be eligible for a U-visa, an applicant must be admissible to the United States or obtain a waiver of inadmissibility. 8 C.F.R. § 214.1(a)(3)(i). Because Mejia Vega's past deportation, unauthorized reentry, and criminal convictions rendered him inadmissible, he applied for a waiver of inadmissibility under 8 U.S.C. § 1182(d)(3)(A)(ii), which provides that an otherwise inadmissible noncitizen "may be admitted into the United States temporarily as a nonimmigrant in the discretion of the Attorney General," and for a waiver of inadmissibility under 8 U.S.C. § 1182(d)(14), which provides that the Secretary of Homeland Security may waive grounds of inadmissibility if it is "in the public or national interest to do so."[1] USCIS denied his request for a waiver of inadmissibility as a matter of discretion and subsequently denied his U-visa application on account of his inadmissibility.

---

[1] Although Mejia Vega applied for waivers of inadmissibility under both § 1182(d)(3)(A) and 1182(d)(14), he abandoned below the argument that § 1182(d)(14) provides a basis for federal court jurisdiction, and thus we do not consider it now. *See Momox-Caselis v. Donohue*, 987 F.3d 835, 841–42 (9th Cir. 2021).

Mejia Vega challenged USCIS's decision by filing this action in the district court. The only claim at issue here alleges that *Matter of Hranka*, 16 I. & N. Dec. 491 (BIA 1978), establishes a legal standard for review of waiver of inadmissibility determinations and that USCIS failed to properly apply *Matter of Hranka*'s standards in adjudicating his waiver request. In particular, Mejia Vega asserts that USCIS did not properly consider his disarmament of the gunman and his wife's medical conditions.

The district court dismissed Mejia Vega's complaint for lack of subject matter jurisdiction, citing 8 U.S.C. § 1252(a)(2)(B)(ii). The court concluded that the jurisdictional bar imposed by that provision supersedes the default rule that agency actions are reviewable pursuant to federal question jurisdiction and the Administrative Procedure Act.

Section 1252(a)(2)(B)(ii) provides:

> [No court shall have jurisdiction to review] any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

This jurisdiction-stripping bar precludes judicial review of certain discretionary decisions. As a general rule, § 1252(a)(2)(B)(ii) bars judicial review of discretionary determinations involving the agency's exercise of "pure" or "unfettered" discretion. *ANA International, Inc. v. Way*, 393 F.3d 886, 891–92, 894 (9th Cir. 2004) (quoting *Spencer*

*Enterprises., Inc. v. United States*, 345 F.3d 683, 690, 692 n.4 (9th Cir. 2003)). It does not, however, bar judicial review of discretionary determinations involving statutory provisions that restrict or qualify the agency's exercise of its discretion. *Id*. We hold that § 1252(a)(2)(B)(ii) precludes judicial review of USCIS's denial of a waiver of inadmissibility under § 1182(d)(3)(A)(ii) because the latter statute commits the decision to the agency's sole discretion.

Section 1182(d)(3)(A)(ii) states that a noncitizen "may be admitted into the United States temporarily as a nonimmigrant in the discretion of" USCIS. The plain terms of the statute invoke the agency's discretion. The statute uses "may" instead of "shall" or "must." This permissive language "brings along the usual presumption of discretion." *Poursina v. USCIS*, 936 F.3d 868, 871 (9th Cir. 2019).

In addition, § 1182(d)(3)(A)(ii) does not contain language that qualifies the agency's exercise of discretion. It lacks governing standards or statutory guidelines restricting decision-making. *See Spencer Enterprises*, 345 F.3d at 690. The statute contains no "meaningful standard" that would suggest the agency is not exercising its "pure" or "unfettered" discretion. *ANA International*, 393 F.3d at 891, 894.

Mejia Vega argues that *Matter of Hranka*'s discretionary guidelines set out a legal standard for waiver of inadmissibility determinations under § 1182(d)(3)(A)(ii), and that this standard has been incorporated into the statute because Congress amended the statute after *Matter of Hranka* was decided, without making any revisions to disagree with the agency's interpretation announced there. This argument is unavailing. As we noted in *Spencer Enterprises*, "if the statute specifies that the decision is

wholly discretionary, regulations or agency practice will not make the decision reviewable" and exempt from § 1252(a)(2)(B)(ii). 345 F.3d at 691. Similarly, in *ANA International*, we reaffirmed that agency practice is not an independent source of law and does not create a legal standard that permits review. 393 F.3d at 893. Because § 1182(d)(3)(A)(ii) itself does not specify a governing standard for the waiver determination, *Matter of Hranka* cannot be read to supply one. Our court's precedents require that the standard appear expressly in the statute at issue for a decision to be reviewable.

Mejia Vega argues that we should apply § 1252(a)(2)(B)(ii) only to provisions stating that a decision is discretionary *and* unreviewable. Because § 1182(d)(3)(A)(ii) does not explicitly state that waiver of inadmissibility determinations are unreviewable, Mejia Vega contends that the district court had jurisdiction to hear his claim. We disagree.

Courts have routinely found discretionary decisions to be unreviewable despite the fact that the underlying statute did not state as much. In *Kucana v. Holder*, 558 U.S. 233 (2010), for example, the Supreme Court cited 8 U.S.C. §§ 1157(c)(1), 1181(b), and 1182(a)(3)(D)(iii)—three provisions that do not specify that decisions under them are unreviewable—as examples of "decisions specified by statute 'to be in the discretion of the Attorney General,' and therefore shielded from court oversight by § 1252(a)(2)(B)(ii)." 558 U.S. at 248. Similarly, in *Spencer Enterprises*, we cited § 1158(b)(1), § 1182(a)(9)(B)(v), and § 1229b(b)(2)(D) as examples of provisions under which decisions are unreviewable, even though none contains the word "unreviewable." 345 F.3d at 690. And in *Poursina*, we held that § 1252(a)(2)(B)(ii) barred review of a

discretionary decision to deny a national interest waiver under 8 U.S.C. § 1153(b)(2)(B)(i), a provision that also lacks express language stating that decisions under it are unreviewable. 936 F.3d at 871–72. Mejia Vega's interpretive argument cannot be reconciled with these precedents.

\*     \*     \*

By all accounts, Mejia Vega demonstrated remarkable courage by intervening to stop an active shooter, and his efforts to care for his wife are equally worthy of praise. But however compelling his objections to USCIS's denial of a waiver of inadmissibility may be, judicial review of that decision is barred by 8 U.S.C. § 1252(a)(2)(B)(ii). Accordingly, we hold that the district court properly granted USCIS's motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

**AFFIRMED.**